UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREEM SHAW,

    Petitioner,

v.

E. RARDIN,

    Respondent.

Case No.  25-cv-10209

Honorable Denise Page Hood

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS

### I.    Introduction

Petitioner Kareem Shaw filed this habeas corpus action under 28 U.S.C. § 2241, challenging the Bureau of Prisons ("BOP") determination that he was ineligible for First Step Act ("FSA") time credits due to improper aggregation of his sentences. (ECF No. 1.) Respondent filed a response contending that his claim lacks merit and the petition should be denied. For the reasons stated below, the Court DENIES the petition.

### II.    Background

On October 30, 2014, Petitioner entered into a written plea agreement in which he pleaded guilty to one count of conspiring to possess with the intent to distribute a measurable quantity of a mixture or substance

containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. *United States v. Shaw*, Case No. 13-cr-00025, Doc. 670, PageID.1, (W.D. Va.). On April 22, 2015, the United States District Court for the Western District of Virginia sentenced Petitioner to 216 months of incarceration and 5 years of supervised release. *Id*.

In 2022, Petitioner was subsequently convicted of escaping from custody, in violation of 18 U.S.C. § 751(a), and was sentenced to a term of eight months, which the court ordered to run consecutively to the sentence that he was already serving in Case No. 13-cr-00025. *See United States v. Shaw*, Case No. 22-cr-00105, Doc. 29, PageID.2 (E.D. Va.). Petitioner is presently confined at the Federal Correctional Institute in Milan, Michigan (FCI-Milan).

On January 23, 2025, Petitioner initiated this habeas proceeding. His petition claims that the BOP's decision to aggregate his two sentences, rather than treat them as separate for purposes of determining his eligibility for FSA time credits, resulted in the improper denial of FSA time credits. He contends that because he is currently serving a sentence for a conviction that is not an ineligible offense under 18 U.S.C. § 3632(d)(4)(D), he is entitled to the award of FSA time credits. Respondent disagrees and contends that Petitioner's sentences are aggregated for purposes of

determining eligibility. Because Petitioner's escape conviction renders him ineligible to receive FSA time credits, he is not entitled to receive any credits while serving his sentence for drug conspiracy.

## III. Discussion

The statutes central to Petitioner's arguments are 18 U.S.C. § 3632(d)(4)(D) and 18 U.S.C. § 3584(c). Section 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Here, in keeping with that statutory requirement, the BOP aggregated Petitioner's consecutive escape sentence with his conspiracy sentence. Section 3632(d)(4)(D) provides that "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under" listed offenses that include a conviction under 18 U.S.C. § 751(a). *See* 18 U.S.C. § 3632(d)(4)(D)(xiv). Here, pursuant to this statutory requirement, the BOP concluded that Petitioner was ineligible for FSA time credits because his aggregated prison term included a disqualifying offense under § 3632(d)(4)(D)(xiv).

Petitioner disputes this conclusion, arguing that the BOP's aggregation of the two sentences under § 3584(c) should not apply in the

context of determining his eligibility for time credits under § 3632(d)(4)(D). The Court concludes that the BOP's calculation is correct. In *Keeling v. Lemaster*, the Sixth Circuit observed that "courts have consistently and correctly held that the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, 'are administrative functions of the BOP subject to § 3584(c).' " 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023) (quoting *Sok v. Eischen*, 2022 WL 17156797, at *5 (D. Minn. Oct. 26, 2022) (collecting cases), report and recommendation adopted, 2022 WL 17128929 (Nov. 22, 2022), aff'd, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023)). The Sixth Circuit therefore found that the district court "did not err in concluding that [the petitioner]'s aggregated sentence precluded him from receiving earned time credit under the FSA and denying his § 2241 petition." *Keeling*, 2023 WL 9061914, at *1.

Although *Keeling* involved the aggregation of sentences for multiple convictions within a single case, many other courts have found the same principle applies where the BOP aggregated sentences from separate cases. *See Hargrove v. Healy*, 2024 WL 3992261, at *4-5 (N.D. Ohio Aug. 28, 2024) (agreeing with other courts that found it proper for the BOP to aggregate sentences imposed in separate cases before finding a petitioner

4

ineligible to receive credits under the FSA) (citing *Andrews v. Rardin*, 2024 WL 3236249, at *3 (E.D. Mich. June 28, 2024) ("Because Petitioner was ordered to serve the sentence on his 2005 case consecutively to the sentence in his 2017 case, it was proper for the BOP to aggregate these two sentences, for purposes of the First Step Act, and conclude that Petitioner is ineligible to receive credits under the FSA."); *Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan 12, 2024) ("Because his two federal sentences were combined and imposed to run consecutively to his foreign sentence, he is currently still serving the single, aggregated sentence based on those multiple terms of imprisonment when viewed in the administrative context . . . . We agree with the district court that aggregation in the administrative context under §§ 3584(c) and 4105(c)(4) was proper for purposes of FSA time credits.").

Accordingly, the BOP properly denied Petitioner FSA credits based on his 2022 conviction for escaping from custody, in violation of 18 U.S.C. § 751(a), because prisoners are not eligible to receive these earned time credits if they are serving a sentence for a conviction under § 3632(d)(4)(D). Because Petitioner was ordered to serve the sentence on his 2022 case consecutively to the sentence in his 2013 case, it was proper for the BOP to aggregate these two sentences, for purposes of the First

Step Act, and conclude that Petitioner is ineligible to receive credits under the FSA. Petitioner is not entitled to habeas relief.

## IV. Conclusion

For the reasons stated, the Court **DENIES** the petition. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

This case is closed.

**IT IS SO ORDERED.**

<u>S/DENISE PAGE HOOD</u>
DENISE PAGE HOOD
United States District Judge

Dated: January 30, 2026